UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mark Balanag, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> -v.-<br><br>Credit Control, LLC,<br>CACH, LLC,<br><br><br>         Defendant(s). | C.A. No: 1:22-cv-6628<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mark Balanag (hereinafter, "Plaintiff"), an Illinois resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Credit Control, LLC (hereinafter "Defendant Credit Control") and Defendant CACH, LLC (hereinafter "Defendant CACH") (collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the FDPCA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Kendall.

8. Defendant Credit Control is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its

registered agent, C T Corporation System, at 208 So. Lasalle Street, Suite 814, Chicago, Illinois 60604.

9. Upon information and belief, Defendant Credit Control is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant CACH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. Upon information and belief, Defendant CACH is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debt alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Illinois;
    b. to whom Defendant Credit Control sent a collection letter attempting to collect a consumer debt;
    c. on behalf of Defendant CACH;
    d. whereby the statute of limitations to bring a lawsuit for the debt had passed;
    e. but which letter that failed to include any information informing the consumer to this fact;

3

    f. and/or which provides a deadline to notify Defendant Credit Control in writing to dispute the validity of the debt;

    g. while providing multiple addresses without identifying the correct address in which to send a dispute;

    h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to October 9, 2015, an obligation was allegedly incurred to the creditor, WebBank.

23. Upon information and belief, the subject WebBank obligation arose out of consumer services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Upon information and belief, WebBank eventually sold or otherwise assigned the allegedly defaulted debt to Defendant CACH.

27. Upon information and belief, Defendant CACH contracted with Defendant Credit Control for the purpose of debt collection. Therefore, Defendant Credit Control is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – December 6, 2021 Collection Letter*

28. On or about December 6, 2021, Defendant Credit Control sent the Plaintiff a collection letter via email (the "Letter") regarding the debt originally owed to WebBank. (See "Letter" at Exhibit A.)

29. The Letter provides multiple addresses in which Defendant Credit Control will allegedly receive correspondence.

30. On the top of the first page, the Letter includes an address PO Box 57190, Livonia, MI 48151-5790.

31. The presentation of that address, immediately over Plaintiff's name and home address, creates the appearance that the same represents a return address.

32. Directly across from that address is what appears to be a "letterhead" for Defendant Credit Control which includes multiple pieces of contact information for Defendant Credit Control including the address of "3300 Rider Trail S., Suite 500, Earth City, MO 63045.

33. Finally, on the bottom of the same page, Defendant Credit Control provided a separate address of PO Box 100, Hazelwood, MO 63042.

34. In addition to providing three addresses without advising Plaintiff as to the purpose of any or all such addresses, including but not limited to a failure to note to which address

disputes should be sent, the Letter ostensibly provides the notices that are required by 15 U.S.C. § 1692g regarding disputing the debt.

35. Specifically, the letter provides deadlines of January 20, 2022 for the Plaintiff to dispute the debt in writing or to request the name and address of the original creditor.

36. When discussing Plaintiff's ability to dispute the debt, the Letter states "[y]ou may use the form below or write to us without the form."

37. However, as noted, the Letter lists multiple addresses for the Defendant Credit Control including:

    a. PO Box 100, Hazelwood, MO 63042

    b. PO Box 51790, Livonia, MI 48151-5790

    c. 3300 Rider Trail S, Suite 500, Earth City, MO 63045

38. As noted, the first address is listed just above Plaintiff's home address and appears to be a return address, including a notation of "Return Service Requested."

39. The second address is located directly across from the return address and includes references to multiple other pieces of information for Defendant Credit Control including its phone number, hours of operation, and website.

40. Finally, the third address appears at the bottom of the page.

41. None of the three addresses are specifically identified as the correct address to which to send a dispute.

42. In the body of the Letter, Defendant Credit Control states that it will accept Plaintiff's dispute either on the forms attached or via a separate written communication.

43. However, Defendant Credit Control wholly fails to identify what address such disputes should be sent to.

44. Therefore, Plaintiff did not know how to properly dispute the debt and exercise his rights under § 1692g.

45. Any failure by Plaintiff to exercise such rights was directly due to his reliance on the Letter.

46. Because of the uncertainty created by the Letter, Plaintiff expended time and money in determining the proper course of action, resulting in concrete harm to Plaintiff.

47. Consumers have a right to receive accurate notice of their statutory rights.

48. Providing multiple addresses without identifying which was correct to dispute the debt was false, deceptive, and misleading.

49. Consumers have a right to receive proper notice of their right to dispute the validity of the debt. When a debt collector fails to effectively inform the consumer of such right, including how the same can be exercised, the debt collector has harmed the consumer.

50. The Letter further separately failed to inform Plaintiff that the statute of limitations for the debt at issue has expired and/or failed to properly inform Plaintiff that any subsequent payment of the debt could have ramifications, including but not limited to, the restarting of the statute of limitations.

51. In relevant part, the Letter states:

You had an account from WebBank with account number ending in **0863.
As of 10/09/2015, you owed: $20,989.77
Between 10/09/2015 and today:
You were charged this amount in interest: $0.00
Total amount of noninterest charges or fees: $0.00
You paid or were credited this amount toward the debt: $5,250.00
**Total amount of the debt now:** **$15,739.77**

52. Below the breakdown of the debt, Defendant Credit Control made an offer of settlement and gives certain terms and instructions regarding payment.

9

53. However, upon information and belief, the statute of limitations to bring a lawsuit had already run at the time Defendant Credit Control prepared and sent the Letter.

54. Despite the fact that the statute of limitations had expired, Defendant Credit Control failed to inform Plaintiff of the same.

55. Additionally, the Letter fails to warn Plaintiff that if he accepted any of the settlement offers, whether making a partial payment, or even just agreeing to make a payment, he would lose the protection of the statute of limitations.

56. The Plaintiff was left confused as to the status of the subject debt.

57. These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt including, but not limited to, the ability to exercise his rights to dispute the validity of the debt.

60. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

61. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to his detriment.

62. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

63. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

64. As a result of Defendants' deceptive debt collection practices, Plaintiff failed to exercise his rights and further lost out on a settlement opportunity.

65. The funds Plaintiff could have used to pay all or a portion of the debt, including in response to Defendants' offer of settlement, were used for other expenses.

66. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

67. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendants' furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

68. Defendants' actions caused Plaintiff to expend time and money, in reliance on the improper content of the Letter, including the lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

69. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to no be misled or treated unfairly with respect to any action for the collection of any consumer debt.

70. Defendants' deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately and informatively respond to Defendants' demand for payment of this debt or determine how to properly exercise his rights in relation to the same.

71. Plaintiff was misled and made to be uncertain to his detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to his detriment.

72. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debt, in violation of statutory law, the debt collector has harmed the consumer.

73. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

74. As it relates to the violations complained of herein, Congress identified concreate and particularized harms with a close common-law analogue to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

75. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. Defendants violated §1692e:

   a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making a false and misleading representation/omissions in violation of §1692e(10).

80. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

84. Defendants violated this section by:

   a. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt including failing to properly advise Plaintiff as to the address to which disputes should be sent and by failing to properly state the nature and status of the alleged debt;

  b. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt including failing to properly advise Plaintiff that the statute of limitations had expired and/or failing to properly advise Plaintiff as to how any payment or agreement to pay the alleged debt could impact the statute of limitations and Plaintiff's rights under thereto.

85. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88. Pursuant to 15 U.S.C. §1692g (a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

  1. The amount of the debt;
  2. The name of the creditor to whom the debt is owed;
  3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
  4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

14

    consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

89. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

90. The notices of the address to which disputes should be sent must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed and where he can dispute the same.

91. Defendants violated this section by:

  a. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby failing to provide the proper notice required by § 1692g in an initial collection letter;

  b. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby overshadowing and/or creating inconsistencies with the

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor, in violation of § 1692g(b).

92. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

93. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Balanag, individually and on behalf of all others similarly situated demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 28, 2022          Respectfully Submitted,

**STEIN SAKS, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.

                                                  One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*